findings of fact or the sufficiency of the evidence to support them. 1 Strong, N. C. Index 2d, Appeal and Error, § 26, p. 152.

Suffice it to say, therefore, we have carefully examined the face of the record and find no error thereon. The findings of fact, which are in considerable detail, support the conclusions of law, which in turn support the order appealed from.

Affirmed.

Judges BRITT and BALEY concur.

---

ODELL HARDWARE COMPANY, INC. v. ALFRED KILPATRICK AND JANIE KILPATRICK, INDIVIDUALLY AND DOING BUSINESS AS KIL-PATRICK APPLIANCE SERVICE; AND TIRE AND APPLIANCE CENTER, INC.

No. 7418SC608

(Filed 18 September 1974)

Courts § 6— appeal to superior court from clerk
    Plaintiff's appeal from an order of the clerk of superior court vacating and setting aside judgment of default entered against defend-ants was made within the time allowed by statute and should have been heard by the superior court judge on its merits.

APPEAL by plaintiff from Long, Judge, 18 March 1974 Session of Superior Court held in GUILFORD County.

Plaintiff filed this action to recover on a debt allegedly owed by defendants. None of the defendants filed answer and judgment in favor of plaintiff was entered on 21 February 1972.

On 26 March 1973, on motion of the individual defendants, the Clerk of Superior Court ordered that the judgment by de-fault entered against them be vacated and set aside. Plaintiff, well within the time allowed by statute, appealed to the Judge of Superior Court having jurisdiction.

On 25 March 1974, Judge Long entered an order wherein he concluded that plaintiff was guilty of laches by reason of the failure to cause the appeal from the Clerk to be heard by a judge of the Superior Court at an earlier date. Plaintiff's appeal from the Clerk was dismissed.

*Jordan, Wright, Nichols, Caffrey & Hill by James E. Coltrane, Luke Wright and Lindsay R. Davis, Jr., for plaintiff appellant.*

*No counsel on appeal for defendant appellee.*

VAUGHN, Judge.

The Judge should have heard plaintiff's appeal from the Clerk on its merits. The order dismissing the appeal was improvidently entered and must be vacated.

Vacated and remanded.

Judges CAMPBELL and PARKER concur.

---

MARY H. NOWELL v. JOHN B. NOWELL

No. 7421DC580

(Filed 18 September 1974)

**Divorce and Alimony § 19— modification of custody order — absence of notice**

Order modifying previous child custody orders must be vacated where it was entered without notice to defendant.

APPEAL by defendant from *Clifford, District Court Judge,* 25 February 1974 Session of District Court held in FORSYTH County.

*Joseph B. Roberts III for plaintiff appellee.*

*Forrest A. Ferrell for defendant appellant.*

VAUGHN, Judge.

The order from which defendant appeals modifies orders previously entered, after notice and hearing, respecting the custody of minor children of the parties. Defendant's assignment of error is that the present order was entered without notice or the opportunity to be heard. Defendant's exception is well taken. The order is vacated.

Vacated and remanded.

Judges CAMPBELL and PARKER concur.